### JONES v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. June 28, 1906.)

APPEAL—REVERSAL—EXCESSIVE RECOVERY.

> A judgment for damages to personal property will be reversed where there is no evidence of plaintiff's ownership of all the property for which damages was allowed.
>
> [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4546–4552.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Lena R. Jones against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

George D. Yeomans, for appellant.

S. H. Kugel, for respondent.

PER CURIAM.   While there is some evidence tending to show that the plaintiff is the owner of the wagon claimed to have been injured, there is no testimony whatever as to the ownership of the horse and the other personal property for damages to which the plaintiff recovered the judgment herein.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

McCALL, J. (concurring).   Unless we are ready to conclude that the mere happening of an accident imports a liability, and that the same is always fixed upon the defendant, this judgment must be reversed.   The plaintiff herein has not sustained the burden which the law imposes upon him of establishing by a fair preponderance of credible proof the negligence of the defendant, or his freedom from contributory negligence.   Although the allegation in the complaint sets forth the ownership of the horse in plaintiff, and issue is raised thereon by the denial set up in the answer, the case is entirely destitute of proof as to plaintiff's ownership.   While the record does show that at least in one instance the plaintiff had leased or hired a horse and wagon similar to that claimed to have been injured by the accident on the score of the damages allowed, in my judgment it is grossly excessive, though the evidence shows that the horse was injured and made lame.   There is nothing in the proof which would justify a finding that the horse was destroyed, or would warrant such a recovery as was allowed in this case.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.